

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| US FOAM, INC., USF EQUIPMENT AND SERVICES, LTD. and ALDEN OZMENT<br>Plaintiffs | §<br>§<br>§<br>§ | |
| VS. | § | Civil Action No: 2-07CV-466 |
| ON SITE GAS SYSTEMS, INC.<br>Defendant. | §<br>§<br>§ | Jury Trial Demanded |

## COMPLAINT

Plaintiffs, US Foam, Inc., USF Equipment and Services, Ltd. and Alden Ozment, for their Complaint against Defendant, On Site Gas Systems, Inc., allege as follows:

### PARTIES

1. Plaintiff, US Foam, Inc. (hereinafter "US Foam"), is a Delaware corporation having its principal place business at 800 East Cotton Street, Longview, Texas.

2. Plaintiff, USF Equipment and Services, Ltd. (hereinafter "USF Equipment"), is a limited liability partnership organized under the laws of Texas having its principal place business at 800 East Cotton Street, Longview, Texas.

3. Plaintiff, Alden Ozment (hereinafter "Ozment"), is an individual with an address of 116 Hunter Creek Drive, Longview, Texas.

4. On information and belief, Defendant, On Site Gas Systems, Inc (hereinafter "On Site"), is a Connecticut corporation having its principal place of business at 35 Budney Road, Newington, Connecticut

## JURISDICTION AND VENUE

5       The Court has jurisdiction over this lawsuit under 28 U.S.C. § 1332(a)(1) because the Plaintiffs and the Defendant are citizens of different states, and the amount in controversy exceeds $75,000.00, exclusive of interest and cost. Further, the Court has jurisdiction over this matter under 28 U.S.C. § 1338(a) and 15 U.S.C. § 1121.

6.      Venue is proper in this Court because the parties have consented to enforcement of the Settlement Agreement (described below) under Texas law, and because, on information and belief, Defendant's acts giving rise to the claims as alleged in this Complaint occurred in the Eastern District of Texas.

## COUNT I
## BREACH OF CONTRACT

7.      Plaintiffs restate each of the allegations in Paragraphs 1-6 above and incorporates them herein by reference.

8       US Foam and On Site were parties to a prior lawsuit in this District, Civil Action No. 2-05CV-320 TJW which resulted in a Compromise Settlement Agreement executed by the parties on or about February 9, 2006 (the "Settlement Agreement").

9.      Paragraph 4 of the Settlement Agreement provides as follows:

> [On Site] further agrees not to disclose or use the MFFF foam product chemical formulation currently used by [US Foam], the foam mixing gun designed and currently used by [US Foam] as part of the "Hellfighter" system, and [U.S. Foam's] coal mine plug/seal material formula for the term of the Confidentiality Non-Disclosure Agreement ... Additionally, [On Site] agrees not to use the "Hellfighter" name. [On Site] reserves the right to use any other foam formulation, foam mixing gun and plug material it develops independent of [US Foam]

10.     Paragraph 5 of the Settlement Agreement provides as follows:

> [On Site] agrees it will not make any public representations it developed or is any way responsible for [US Foam's] MFFF foam product, "Hellfighter" system,

apparatus, methodology, portable foam systems, foam plugging or that it has extinguished any mine fire using foam injected with an inert gas or any similar statements unless it has actually done so independent of [US Foam]. This does not prevent [On Site] from making statements that it has supplied nitrogen used in extinguishing coal mine fires. [On Site] agrees it will not represent its foam system has been tested at NIOSH, unless it is tested at NIOSH.

11. US Foam provided adequate consideration for the Settlement Agreement and performed its duties and obligations required in the Settlement Agreement.

12. On information and belief, On Site has breached at least paragraphs 4 and 5 of the Settlement Agreement by using the coal mine plug/seal material formula and/or claiming that it is responsible for the product that extinguished the West Elk, Buchanan and Pikeville mine fires.

13. As a result of On Site's breach of contract, US Foam has been damaged and will suffer additional irreparable damage and impairment of its rights unless On Site is enjoined from continuing to breach the Settlement Agreement.

## COUNT II
## INFRINGMENT OF U.S. PATENT NO. 7,104,336 B2

14. Plaintiffs restate the allegations in paragraphs 1-13 of this Complaint and incorporate them herein by reference.

15. On or about September 12, 2006, United States Patent No. 7,104,336 B2 (the "'336 patent") entitled Method for Fighting Fire in Confined Areas Using Nitrogen Expanded Foam, was duly and legally issued by the United States Patent and Trademark Office. A true and accurate copy of the '336 patent is attached hereto as **Exhibit A**.

16. Ozment is the owner of the '336 patent.

17. USF Equipment is the exclusive licensee of the '336 patent with full rights to pursue recovery of royalties or damages for infringement of the '336 patent, including full rights to recover past and future damages.

18. On information and belief, in or about July and/or August 2007, On Site provided nitrogen inerting equipment to a third party at a site in or near Oakwood, Virginia, for use in fighting against a coalmine fire.

19. On information and belief, On Site has directly and/or indirectly infringed the '336 patent and will continue infringing the '336 patent unless enjoined by this Court.

20. Ozment and/or USF Equipment has been damaged by On Site's infringement of the '336 patent and will suffer additional irreparable damage and impairment of the value of its patent rights unless On Site is enjoined from continuing to infringe the '336 patent.

21. On information and belief, On Site's infringement of the '336 patent is willful, thus making this an exceptional case under 35 U.S.C. § 285.

## COUNT III
## INFRINGMENT OF U.S. PATENT NO. 7,096,965 B2

22. Plaintiffs restate the allegations in paragraphs 1-21 of this Complaint and incorporate them herein by reference.

23. On or about August 29, 2006, United States Patent No. 7,096,965 B2 (the "'965 Patent") entitled Method and Apparatus for Fighting Fires in Confined Areas was duly and legally issued by the United States Patent and Trademark Office. A true and accurate copy of the '965 patent is attached hereto as **Exhibit B**.

24. Ozment is the owner of the '965 patent.

25. USF Equipment is the exclusive licensee of the '965 patent with full rights to pursue recovery of royalties or damages for infringement of the '965 patent, including full rights to recover past and future damages.

26. On information and belief, On Site has directly and/or indirectly infringed the '965 patent and will continue infringing the '965 patent unless enjoined by this Court.

27   Ozment and/or USF Equipment has been damaged by On Site's infringement of the '965 patent and will suffer additional irreparable damage and impairment of the value of its patent rights unless On Site is enjoined from continuing to infringe the '965 patent

28.   On information and belief, On Site's infringement of the '965 patent is willful, thus making this an exceptional case under 35 U.S.C. § 285

## COUNT IV
## FALSE ADVERTISING UNDER THE LANHAM ACT

29   Plaintiffs restate the allegations in paragraphs 1-28 of this Complaint and incorporate them herein by reference.

30   On information and belief, On Site has, in connection with goods or services, advertised a total solution for fire suppression and prevention including that its products or services are "Proven Technology at West Elk, Buchanan, Pikeville Mine Fires".

31.   Ozment is the owner of proprietary rights in the technology used to extinguish the fires at the West Elk, Buchanan, and Pikeville Mine Fires

32.   USF Equipment is the exclusive licensee of proprietary rights in the technology used to extinguish the fires at the West Elk, Buchanan, and Pikeville Mine Fires

33.   US Foam manufactures and sells fire fighting foam to USF Equipment.

34   On Site does not have the right to manufacture, use, sell, or offer to sell products, and/or practice the methods, that use the technology that extinguished the West Elk, Buchanan, and Pikeville Mine Fires.

35   On Site's representation that its product or services are a proven technology at West Elk, Buchanan, and Pikeville Mine Fires is a false or misleading description of fact or false or misleading representation of fact in commerce that is likely to cause mistake, or to deceive as to the affiliation, connection, or association of On Site with USF Equipment or Ozment or US

Foam and/or is a misrepresentation of the nature, characteristics or qualities of On Site's goods, services, or commercial activities.

36. As a result of On Site's misrepresentations, USF Equipment, Ozment and US Foam are, or are likely to be damaged, and will suffer irreparable damage and impairment of the value of the proprietary rights unless On Site is enjoined from continuing its misrepresentations.

37. On information and belief, On Site's misrepresentations have been, and continue to be, committed with full knowledge of USF Equipment, US Foam, and/or Ozment's rights in the technology used at the West Elk, Buchanan, and Pikeville Mine Fires, and willful and wanton disregard of said rights, entitling USF Equipment, US Foam, and Ozment to recover increase damages, attorneys fees' and costs under 15 U.S.C § 1117.

WHEREFORE, Plaintiffs pray that this Court enter judgment:

A. Finding that On Site has infringed, induced others to infringe and/or committed acts of contributing to the infringement of the '965 patent and '336 patent.

B. Preliminarily and permanently enjoining On Site, its officers, directors, employees, agents, and all persons in active concert with them from infringing, inducing others to infringe and/or committing acts of contributing to the infringement of the '965 patent and '336 patent

C. Declaring that this is an exceptional case under 35 U.S.C. § 285.

D. Awarding Ozment and/or USF Equipment an amount that adequately compensates it for the infringement, but in no event less than a reasonable royalty, together with treble damages, court costs, pre-judgment interest, post judgment interest and attorney's fees under 35 U.S.C. §§ 284 and 285.

E. Finding that On Site has breached the Settlement Agreement.

F.  Awarding US Foam an amount that adequately compensates it for the breach of the Settlement Agreement, together with treble damages, court costs, pre-judgment interest, post judgment interest and attorney's fees.

G.  Finding that On Site has violated the Lanham Act

H.  Preliminarily and permanently enjoining On Site, its officers, directors, employees, agents, and all persons in active concert with them, from violating the Lanham Act.

I.  Awarding Plaintiffs an amount that adequately compensates them for the violation of the Lanham Act, together with treble damages, court costs, pre-judgment interest, post judgment interest and attorney's fees under 15 U.S.C. § 1117.

J.  Granting Plaintiffs such other relief as justice requires

### **Demand for Jury Trial**

Plaintiffs demand a jury trial on all claims and issues triable of right by a jury

Respectfully submitted,

By: *Elizabeth L. DeRieux* w/ permission by Casey Hadon

**S. Calvin Capshaw**
State Bar No. 03783900
**Elizabeth L. DeRieux**
State Bar No. 05770585
Brown McCarroll, L.L.P
1127 Judson Rd., Suite 220
Longview, TX 75601
P O Box 3999
Longview, TX 75606
Phone: (903) 236-9800
Fax: (903) 236-8787
Email: ccapshaw@mailbmc.com
Email: ederieux@mailbmc.com

ATTORNEYS FOR THE PLAINTIFFS
US FOAM, INC., USF EQUIPMENT AND
SERVICES, LTD. and ALDEN OZMENT

Of Counsel:

Charles F. O'Brien, Esq.
Michael J. Rye, Esq.
Steven M. Coyle, Esq.
Cantor Colburn LLP
55 Griffin Road South
Bloomfield, CT 06002
Phone: 860-286-2929
Fax: 860-286-0115
Email: cobrien@cantorcolburn.com
Email: mrye@cantorcolburn.com
Email: scoyle@cantorcolburn.com