UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| US FOAM, INC., USF EQUIPMENT AND SERVICES, LTD., and ALDEN OZMENT | § § § | |
| | § | CASE NO. 2:07-CV-466-TJW |
| *Plaintiffs and Counterclaim Defendants,* | § § § | |
| | § | |
| v. | § | *Consolidated with* |
| | § | |
| ON SITE GAS SYSTEMS, INC. | § § | |
| *Defendant and Counterclaim Plaintiff.* | § § § | CASE NO. 6:08-CV-231-LED |
| ON SITE GAS SYSTEMS, INC. | § § | |
| *Plaintiff and Counterclaim Defendants,* | § § § | |
| v. | § § | |
| US FOAM, INC., USF EQUIPMENT AND SERVICES, LTD., and ALDEN OZMENT | § § § | |
| *Defendants and Counterclaim Plaintiffs.* | § § § | |

**MEMORANDUM OPINION AND ORDER**

**I.      Introduction**

Before the Court is US Foam, Inc., USF Equipment and Services, Ltd., and Alden Ozment's (collectively "Defendants'") Motion to Dismiss certain claims and counterclaims of On Site Gas System, Inc. ("On Site") under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(7).  (*See* Docket No. 55.)  For the following reasons, the Court DENIES the motion

1

without prejudice, but in the event that On Site does not add patent owner Hatsuta Seisakusho Co., Ltd. ("Hatsuta") as a party within 60 days of this Order, Defendants are invited to refile their motion to dismiss.

## II. Legal Standard

Standing is required to bring suit in federal court and must be present at the time the suit is brought. *Sicom Sys., Ltd. v. Agilent Techs., Inc.*, 427 F.3d 971, 975-76 (Fed. Cir. 2005). The party bringing the action bears the burden of establishing that it has standing. *Id.* In a patent infringement case, a patentee's standing is derived from the Patent Act, which provides that "[a] patentee shall have remedy by civil action for infringement of his patent." 35 U.S.C. § 281. The term "patentee" comprises "not only the patentee to whom the patent was issued but also the successors in title to the patentee." 35 U.S.C. § 100(d). "However, if the patentee transfers all substantial rights under the patent, it amounts to an assignment and the assignee may be deemed the effective patentee under 35 U.S.C. § 281 for purposes of holding constitutional standing to sue another for patent infringement in its own name." *Sicom*, 427 F.3d at 976; *see Prima Tek II, L.L.C. v. A-Roo Co.*, 222 F.3d 1372, 1377-78 (Fed. Cir. 2000); *Propat Int'l Corp. v. RPost Inc.*, 473 F.3d 1187, 1189-91 (Fed. Cir. 2007). An exclusive licensee to whom the patentee transfers some exclusionary rights in the patent, but less than all substantial rights, can sue only if the patent owner is joined, either voluntarily or involuntarily, to satisfy prudential standing concerns. *See Morrow v. Microsoft Corp.*, 499 F.3d 1332, 1340 (Fed. Cir. 2007); *Intellectual Property Development, Inc. v. TCI Cablevision of Cal., Inc.*, 248 F.3d 1333, 1347-49 (Fed. Cir. 2001).

"An exclusive licensee receives more rights than a nonexclusive licensee, but fewer than an assignee." *Sicom*, 427 F.3d at 976. "While a licensee normally does not have standing to sue without the joinder of the patentee (to prevent multiplicity of litigation), an exclusive license

may be treated like an assignment for purposes of creating standing if it conveys to the licensee all substantial rights." *Id.*; *see also Vaupel Textilmaschinen KG v. Meccanica Euro Italia SPA*, 944 F.2d 870, 875-76 (Fed. Cir. 1991). The Federal Circuit "has defined 'all substantial rights' as those rights sufficient for the licensee or assignee to be 'deemed the effective patentee under 35 U.S.C. § 281.'" *Sicom*, 427 F.3d at 976, *quoting Prima Tek II*, 222 F.3d at 1377. "Each license and assignment is unique, therefore [a] court 'must ascertain the intention of the parties and examine the substance of what [the licensing agreement] granted' to determine if it conveys all of the substantial rights in the patent and is sufficient to grant standing to the licensee." *Sicom*, 427 F.3d at 976, *quoting Prima Tek II*, 222 F.3d at 1378. "In determining whether a grant of all substantial rights was intended, it is helpful to look at what rights have been retained by the grantor, not only what was granted." *Vaupel*, 944 F.2d at 875.

## III.  Discussion

Hatsuta, a Japanese company, is the owner of U.S. Patent No. 6,988,558 ("the '558 patent"). Hatsuta granted On Site an exclusive license of the '558 patent by execution of a patent license agreement (the "License Agreement") on December 28, 2005. On Site brought claims against US Foam, Inc., USF Equipment and Services, Ltd., and Alden Ozment with respect to the '558 patent without joining Hatsuta as a party.[1] The issue to be resolved by the court is whether On Site possesses enough "substantial rights" in the '558 patent for standing to maintain claims in its own name without joining patent owner Hatsuta.

It is uncontested that the License Agreement provides that 1) On Site has the exclusive license to manufacture, use, and sell products related to the '558 patent, 2) On Site cannot grant

---

[1] On Site brings claims and counterclaims in the nature of patent infringement, contributory infringement, unjust enrichment, and unfair competition that are substantially identical in both of the underlying cases. It is unclear whether Defendants seek dismissal of all claims or just the claims related to the '558 patent. This opinion only addresses the patent infringement, contributory infringement, and unjust enrichment claims relating to the '558 patent.

sublicenses under the license, 3) On Site cannot assign its rights under the license, 4) Hatsuta and On Site can terminate the license at will with 30 days notice prior to the expiration date of the agreement as it may be extended, 5) On Site may acquire intellectual property relating to the '558 patent only with prior written consent of Hatsuta, 6) On Site has a responsibility to prevent by all reasonable means third parties' attempts to obtain exclusive rights relating to the '558 patent, 7) Hatsuta does not assume the responsibility or obligation for patent disputes resulting from On Site's use of the '558 patent, 8) Hatsuta has retained the obligation to pay maintenance fees for the '558 patent, and 9) no license or right, expressed or implied, shall be granted except as provided in the agreement.

The primary disputed issue as to what rights were actually transferred is whether On Site has the "exclusive right" or merely the "right" to sue third parties for infringement. The license agreement provides: "[Hatsuta] hereby grants to [On Site] during the life of this Agreement an exclusive license to manufacture, use and sell Products and the right to sue for infringement under Patents now owned or controlled by [Hatsuta] in Territory." On Site argues that the term "exclusive" modifies both the phrases "license to manufacture, use and sell Products" *and* the "right to sue" because there is no ending punctuation between the word "exclusive" and the phrase "right to sue." In support of its argument, On Site submitted an affidavit by Hatsuta stating that "[i]n signing the License Agreement, it was Hatsuta's intention to give On Site Gas Systems the exclusive right to sue for infringement of [the '558 patent] … within the specified field of use." In further support, On Site argues that it has the contractual obligation or duty to sue for patent infringement because of the phrase in the License Agreement that provides that On Site is responsible for preventing third parties' attempts to obtain exclusive rights relating to the '558 patent. Defendants argue that the License Agreement plainly makes a distinction between

the "exclusive license to make, use and sell Products" and "the right to sue for infringement." In further support, Defendants rely upon On Site's pleadings that allege in one sentence that it is the "exclusive licensee" of the '558 patent and in a separate sentence that it has "been granted the right to sue for patent infringement." (*See* Dkt. No. 20, ¶ 59.)

The court finds On Site's arguments unpersuasive as to whether it has the exclusive right to sue for patent infringement. Nothing in the License Agreement prevents Hatsuta from filing a patent infringement action relating to the '558 patent. On Site is not under an obligation or duty to sue for patent infringement. Rather, as is expressly stated in the License Agreement, On Site is required to take reasonable means to prevent others from acquiring exclusive rights in the '558 patent, not from preventing infringement of the '558 patent, and an alleged infringer of the '558 patent is not one "attempting to obtain an exclusive right or rights" in the '558 patent. Indeed, Hatsuta and On Site could easily have included language in the License Agreement that transferred the exclusive right to sue but chose not to do so. Based upon the plain language of the license agreement, this Court finds that On Site does not possess the exclusive right to sue for infringement.

While no single factor or retained right is itself dispositive, the court finds that Hatsuta has retained a significant amount of interest in the '558 patent and that On Site has failed to show that it has all substantial rights under the '558 patent. *See Sicom*, 427 F.3d at 979 ("the restriction on [licensee's] right to assign was a fatal reservation of rights by [licensor]"; "an important substantial right is the exclusive right to sue for patent infringement"); *see also Prima Tek II*, 222 F.3d at 1380 ("A licensee's right to sub-license is an important consideration in evaluating whether a license agreement transfers all substantial rights."); *Propat*, 473 F.3d at 1191-92 ("[Licensor's] power to terminate the agreement and end all of [licensee's] rights in the

patent ... is yet another indication that [licensor] retains a significant ownership interest in the patent.") The court finds that On Site has been granted less than "all substantial rights" to a degree that On Site does not have sufficient standing to maintain the counterclaims or claims in its own name. Because a patent owner must be joined in any infringement suit brought by an exclusive licensee having fewer than all substantial rights, On Site must join patent owner Hatsuta to this case. *See Sicom*, 427 F.3d at 976; *Morrow*, 499 F.3d at 1340.

## IV. Conclusion

The Motion is DENIED without prejudice. On Site is granted leave to join patent owner Hatsuta as a necessary party under Federal Rule of Civil Procedure 19 to satisfy its standing requirement. In the event that On Site does not add Hatsuta as a party within 60 days of this Order, Defendants are invited to refile the motion to dismiss.

SIGNED this 21st day of August, 2009.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE