IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| US FOAM, INC, USF EQUIPMENT AND SERVICES, LTD. AND ALDEN OZMENT<br>    Plaintiffs,<br><br>v.<br><br>ON SITE GAS SYSTEMS, INC.<br>    Defendant.<br><br>───────────────────────────────<br><br>ON SITE GAS SYSTEMS, INC.<br>    Plaintiff,<br><br>v.<br><br>US FOAM, INC, USF EQUIPMENT AND SERVICES, LTD. and ALDEN OZMENT,<br>Defendants. | § § § § § § § § § § § § § § § § § § § § § § § §<br><br>CIVIL ACTION NO. 2-07-cv-466-TJW<br><br>(consolidated with Civil Action No. 6:08-cv-231-LED) |

**MEMORANDUM OPINION AND ORDER**

Pending before the court are On Site Gas System, Inc.'s Motion to Join Necessary Party Or, In The Alternative, To Proceed Among the Existing Parties, [Dkt. No. 94] and US Foam, Inc.'s Motion to Dismiss Certain of On Site's Counterclaims Under Fed. R. Civ. P. 12(B)(1) and 12(B)(7). [Dkt. No. 96]. Having considered the parties written submissions, the Court is of the opinion that On Site Gas System, Inc.'s Motion to Join Necessary Party should be GRANTED and US Foam's Motion to Dismiss be DENIED.

**I.    Introduction**

Hatsuta Seisakusho Co., Ltd. ("Hatsuta"), a Japanese company, is the owner of U.S. Patent No. 6,988,558 ("the '558 patent"), which is at issue in this case. Hatsuta granted Defendant and Counterclaim Plaintiff On Site Gas Systems, Inc. ("On Site") an exclusive license to manufacture, use, and sell the technology protected by the '558 patent. This Court determined that Hatsuta

retained sufficient interest in the patent and, therefore, On Site lacked standing to maintain infringement claims under the '558 patent in its own name. On August 21, 2009, this Court entered an order denying without prejudice Plaintiff and Counterclaim Defendant US Foam, Inc., USF Equipment and Services, Ltd., and Alden Osment's (collectively "US Foam") Motion to Dismiss for lack of standing. [Dkt. No. 88] The Court granted On Site leave to join Hatsuta as a necessary party under Federal Rule of Civil Procedure 19 and invited US Foam to refile its motion to dismiss should On Site fail to do so.

On Site was unable to persuade Hatsuta to voluntarily join this litigation and now moves to join Hatsuta involuntarily under Rule 19(a) or to proceed without Hatsuta pursuant to Rule 19(b). US Foam reasserts that On Site's claims should be dismissed for lack of standing under Rule 12(B)(1) and now urges the Court to dismiss On Site's claims for failing to join a necessary party under Rule 12(B)(7).

## II.   Legal Standard

Rule 12(b) (7) of the Federal Rules of Civil Procedure provides for dismissal for "failure to join a party under Rule 19." FED. R. CIV. P. 12(b)(7). Determining whether a claim should be dismissed in the absence of an indispensible party under Rule 19 involves a two-step inquiry. The court must first determine whether a party should be joined under Rule 19(a). *HS Resources, Inc. v. Wingate*, 327 F.3d 432, 439 (5th Cir. 2003). If joinder is warranted and joinder would destroy the court's jurisdiction over the claim, then the court must determine whether to press forward without the non-party or to dismiss the litigation under Rule 19(b). *Id.*

Rule 19(a) governs whether a person is a necessary party. Rule 19(a) provides:

> (1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). Rule 19(a)(2) provides the mechanism by which a required non-party may be joined: "If a person has not been joined as required, the court must order that the person be made a party. A person who refuses to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff." Fed. R. Civ. P. 19(a)(2). In patent infringement cases, "[a] patentee that does not voluntarily join an action prosecuted by its exclusive licensee can be joined as a defendant, or in a proper case, made an involuntary plaintiff if it is not subject to service of process." *AsymmetRX, Inc. v. Biocare Medical, LLC*, 582 F.3d 1314, 1322 (Fed. Cir. 2009) (quoting *Abbott Laboratories v. Diamedix Corp.*, 47 F.3d 1128, 1133 (Fed. Cir. 1995)).

Rule 12(b)(1) permits dismissal of a claim for lack of subject matter jurisdiction. As a threshold matter, a federal court lacks subject matter jurisdiction to hear a case if the plaintiff lacks standing to bring his claim. *See Warth v. Seldin*, 422 U.S. 490, 498 (1975).

### III. Analysis

On Site relies upon *Independent Wireless Telegraph Company v. Radio Corporation of America*, 269 U.S. 459 (1926), arguing that neither the Federal Circuit nor Fifth Circuit has altered the involuntary plaintiff doctrine. US Foam argues, on the other hand, that "the vitality of the doctrine set out in *Independent Wireless* has been questioned" and the plain language of the current Rule 19 prohibits involuntary joinder of a party that is beyond the reach of service of process. US Foam Opp. Brief, at 3. [Dkt. No. 97] Neither party disputes that Hatsuta is "beyond the reach of

process." However, the Rule 19(a)(1)'s textual requirement that a person "be subject to service of process," which first appeared forty years after *Independent Wireless* in the 1966 amendment to Rule 19(a), "did not fundamentally change the meaning of the term 'involuntary plaintiff' . . ." as it appears in Rule 19(a)(2) and was used in *Independent Wireless*. *Joy Technologies, Inc. v. Flakt, Inc.*, 60 F.3d 843, *1 n.3 (Fed. Cir. 1995) (citing *Abbott Lab. v. Diamedix Corp.*, 47 F.3d 1128, 1133 (Fed.Cir. 1995)). *See also Brunswick Corp. v. United States*, 22 Cl. Ct. 278 (1978) ("[I]t is clear beyond cavil that *Independent Wireless* remains vital, and that rules of procedure for joining an involuntary plaintiff were left undisturbed."); Fed. R. Civ. Proc., Advisory Committee on Rules, 1939 Adoption (Dec. 1, 2007) ("For an example of a proper case for involuntary plaintiff, *see Independent Wireless Teleg. Co. v. Radio Corp. of America*, 269 U.S. 459.").

Contrary to US Foam's understanding, the "proper case" for joinder of an involuntary plaintiff specifically includes those cases where the involuntary plaintiff is unreachable by service of process. The Supreme Court expressly concluded in *Independent Wireless* that it was a "proper case" for an exclusive licensee to involuntarily join as plaintiff the unwilling patent owner who is outside of a court's jurisdiction:

> The [patent] owner beyond the reach of process may be made coplaintiff by the licensee, but not until after he has been requested to become such voluntarily. If he declines to take any part in the case, though he knows of its imminent pendency and of his obligation to join, he will be bound by the decree which follows. We think this follows from the general principles of res judicata. . . . By a request to the patent owner to join as co-plaintiff, by notice of the suit after refusal and the making of the owner a coplaintiff, he is given a full opportunity, by taking part in the cause, to protect himself against any abuse of the use of his name as plaintiff, while, on the other hand, the defendant, charged with infringement, will secure a decree saving him from [multiplicity] of suits for infringement.

269 U.S. 459, 473–74. That is, the involuntary plaintiff doctrine does indeed apply to those cases where an exclusive licensee lacks standing because a foreign patent owner refuses to join in the litigation as a plaintiff. To conclude otherwise would render the licensee unable to protect its

rights under the patent and make the exclusivity of its license only illusory.

That is not to say that all patent owners are subject to being hailed into court as an involuntary plaintiff. Rule 19(a)(2) "is meant to cover only those instances where the absent party has either a duty to allow the plaintiff to use his name in the action or some sort of an obligation to join plaintiff in the action." *Eikel v. States Marine Lines, Inc.*, 473 F.2d 959, 962 (5th Cir. 1973) (citing *Independent Wireless*, 269 U.S. 459 (1926)). The terms of the license agreement between Hatsuta and On Site are such that the Court is of the opinion that Hatsuta has a duty to allow On Site to use its name in order to protect On Site's exclusive license. Article Six of the license agreement, concerning industrial property rights, commands that "[i]f Licensee discovers that a third party is attempting to obtain an exclusive right or rights within [the United States] with respect to [the '558 patent] and such other technique licensed hereunder, Licensee is responsible for preventing such attempt by all reasonable means." US Foam's Motion to Dismiss, Exhibit A, at 4. [Dkt. No. 55-3]. On Site's obligation to protect the '558 patent in the United States, under the terms of the license agreement, imposes upon Hatsuta a corollary duty to allow On Site to sue in its name.

US Foam relies upon a number of cases that do not persuade the Court that the involuntary plaintiff doctrine is inapplicable here. In *Cantanzaro v. International Telephone and Telegraph Corporation*, the Delaware District Court found that a non-resident patent co-owner could not be made an involuntary plaintiff, reasoning that the relationship between co-owners is significantly distinct from the relationship between a patent owner and its exclusive licensee. 378 F.Supp. 203, 208 (D. Del. 1974). The Court in *Cantanzaro* also doubted the "present vitality" of *Independent Wireless*. *Id*. *See also Tycom Corp. v. Redactron Corp.*, 380 F.Supp. 1183 (D. Del. 1974) (declining to join a non-resident patent owner to an exclusive licensee's infringement suit).

Similarly unhelpful is *Vaupel Textilmaschinen KG v. Meccanica Euro Italia S.P.A.*, 944 F.2d 870 (Fed. Cir. 1991), upon which US Foam relies. *Vaupel* involved an exclusive license that, in addition to the right to use, manufacture, and sell, transferred an exclusive right to sue for infringement. *Id.* at 874–75. The Federal Circuit did not address whether the patentee should be made an involuntary plaintiff because the licensee had standing of its own accord. *Id.* at 876.

The Court finds that that Hatsuta is to be joined as an involuntary plaintiff pursuant to Rule 19(a)(2). With Hatsuta as a co-plaintiff, On Site has the standing necessary to proceed with its claims against US Foam. Furthermore, in light of the Court's ruling with respect to On Site's motion to join, On Site has not failed to join a necessary party to the litigation. Therefore, the Court denies US Foam's motion to dismiss for lack of standing pursuant to Rule 12(b)(1) and for failure to join a necessary party pursuant to Rule 12(b)(7). The Court does not reach the alternative Rule 19(b) remedy requested by On Site.

## IV. Conclusion

The Court hereby GRANTS On Site's motion and joins Hatsuta as involuntary plaintiff pursuant to Rule 19(a)(2). The Court DENIES US Foam's motion to dismiss.

It is SO ORDERED.

SIGNED this 13th day of January, 2010.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE